**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

TAJMA B.,

    Claimant,

    v.

FRANK BISIGNANO, *Commissioner of*
*Social Security*,

    Respondent.

Case No. 2:25-cv-588

## OPINION & ORDER

In this Social Security appeal, Claimant Tajma B. seeks review of an Administrative Law Judge's decision denying her claim for disability benefits and supplemental security income. The Honorable Robert J. Krask prepared a report and recommendation (R&R) finding that the claimant failed to exhaust her objections and that the ALJ made no error that requires remand. ECF No. 13. The claimant objected to the R&R. ECF No. 14. Because a *de novo* review reveals that substantial evidence supports the ALJ's decision, the Commissioner's final decision will be **AFFIRMED**.[1] However, because the Court declines to conclude whether the claimant was required to exhaust her objections before the ALJ, the R&R will be **ADOPTED WITH MODIFICATIONS**.

---

[1] The Court has considered the arguments in the parties' briefing and concluded that there is no need to hold a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

## I.  BACKGROUND

The claimant filed an application for disability, disability insurance benefits, and supplemental security income benefits in February 2023. ECF No. 3 at 16. The application was denied both initially and on reconsideration. *Id.* Thereafter, the claimant sought review before an ALJ, who denied the claim. *Id.* at 16–30. At the hearing before the ALJ, a vocational expert (VE) testified about the number of jobs available in the national economy that a hypothetical person could perform. ECF No. 3 at 58–65.

The Appeals Council denied review of the ALJ's decision. ECF No. 3 at 3–7. The claimant filed a complaint in this Court on September 17, 2025, ECF No. 1, and Judge Krask recommended denying the claimant's appeal and affirming the Commissioner's decision. ECF No. 13. The R&R concludes that the claimant failed to raise her objections to the VE's testimony during the hearing before the ALJ and so waived that argument, but that even if the issue were preserved, the claimant's challenge would fail. *Id.* at 12–20. The claimant timely objected to the R&R, and the Commissioner responded. ECF Nos. 14, 15.

## II.  LEGAL STANDARD

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal courts "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted); *see* 42 U.S.C. § 405(g) (statutory authority for judicial review). "In reviewing for substantial evidence, [courts] do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's. Yet even under this deferential standard, [courts] do not reflexively rubber-stamp an ALJ's findings." *Arakas*, 983 F.3d at 95 (quotation marks and citations omitted). "To pass muster, [an] ALJ[] must build an accurate and logical bridge from the evidence to their conclusions." *Id.*

When reviewing an ALJ's determination, the district court reads the decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (unpublished); *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (unpublished). If the Court can "understand what the ALJ did and why [they] did it," then the ALJ has fulfilled their duty of explanation under the Administrative Procedure Act. *Lane Hollow Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998); *see* 5 U.S.C. § 557(c)(3)(A). "Meaningful review is frustrated—and remand [is] necessary—only where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021) (unpublished) (citation and quotation marks omitted).

This case focuses on the ALJ's execution of step five of the Social Security benefits assessment. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (describing the steps). At step five, the Commissioner has the burden to prove that the claimant can perform work that "exists in significant numbers in the national economy, considering [their] residual functional capacity, age, education, and work experience." *Id.* at 635 (quotation marks omitted); *see* 20 C.F.R. §§ 416.960(c)(2); 416.920(a)(4)(v). If the claimant cannot perform work under this standard, they are deemed disabled, and the ALJ proceeds to a benefits determination. 20 C.F.R. § 416.920(a)(4)(v).

## III.   ANALYSIS

The claimant raises four objections to the R&R: She (1) objects to the finding that *Sims v. Apfel*, 530 U.S. 103 (2000) and (2) *Carr v. Saul*, 593 U.S. 83 (2021) preclude relief in this case; (3) argues that the R&R inaccurately concludes that the claimant introduced new evidence for the Court to consider; and (4) challenges the recommendation that the VE's testimony regarding the number of jobs available was adequately reliable. For the reasons explained below, the first two objections are moot, and the second two objections fail.

### A.   Issue Exhaustion

The R&R concludes that because the plaintiff was represented by counsel at the hearing before the ALJ and her counsel did not object to the VE's testimony or qualifications or cross-examine the VE, she has waived her objection to the VE's testimony. ECF No. 13 at 12–14. The claimant argues that the R&R misconstrues

4

*Sims v. Apfel*, 530 U.S. 103 (2000) and *Carr v. Saul*, 593 U.S. 83 (2021) in reaching this conclusion. ECF No. 14 at 2–4.

*Sims* and *Carr* concluded that claimants need not exhaust Appointments Clause challenges before the ALJ nor exhaust *any* issues before the Appeals Council before raising them in federal court. 530 U.S. at 112; 593 U.S. at 95–96. In doing so, the cases examined whether the administrative proceedings were sufficiently analogous to normal adversarial litigation such that "the rationale for requiring issue exhaustion is at its greatest." *Sims*, 530 U.S. at 110. For example, *Sims* explained that "Social Security proceedings are inquisitorial rather than adversarial" because "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits" and "[t]he Commissioner has no representative before the ALJ to oppose the claim for benefits." *Id.* at 110–11. And *Carr* explained that while ALJ proceedings "may be comparatively more adversarial than Appeals Council proceedings," the "constitutional character of [Appointments Clause challenges]" and "the unavailability of any remedy" for such claims, "ma[d]e clear that 'adversarial development' of the Appointments Clause issue simply [did] not exist" in ALJ proceedings. 593 U.S. at 95–96 (citation omitted).

Therefore, while neither case directly considered the issue here—whether failing to object to a VE's testimony at the ALJ hearing precludes review—the cases at least muddied the waters as to whether a claimant must exhaust an issue before the ALJ outside the context of Appointments Clause challenges. *See Sims*, 530 U.S. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us.");

5

*Carr*, 593 U.S. at 92 n.5 ("Outside the context of Appointments Clause challenges, such as in the sphere of routine objections to individual benefits determinations, the scales might tip differently."). Because the Fourth Circuit has not directly addressed this question and resolving it is not necessary to the outcome, the Court declines to do so here. As explained below, even assuming the claimant exhausted her arguments before the ALJ, the R&R correctly concluded that the ALJ properly relied on the VE's testimony.

Therefore, the Court will adopt the R&R except for the portion that recommends the claimant waived the right to object to the testimony of the VE. *See* ECF No. 13 at 12–14.

### B. New Evidence

The claimant argues that the R&R inaccurately concludes that she introduced new evidence for the Court to consider: a Job Browser Pro with SkillTRAN report, which estimated Dictionary of Occupational Titles (DOT) employment numbers per DOT occupation as of February 12, 2026. ECF No. 14 at 4; *see* ECF No. 10 (report). But the report was not included in the administrative record, so the Court cannot review it. *Miller v. Barnhart*, 64 Fed. App'x 858, 859 (4th Cir. 2003) (unpublished) ("[T]he district court may not consider evidence that was not before the Commissioner.").

The claimant argues that because Job Browser Pro was discussed during the hearing and courts in other circuits have described Job Browser Pro and SkillTRAN as reliable, the evidence is "an authoritative source in support of a challenge to the

6

vocational testimony." ECF No. 14 at 4–5. But mere discussion of a database does not mean that a specific queried report generated from that database was before the Commissioner. And the test for whether new evidence should be considered by the district court is not whether the evidence is generally considered to be authoritative, but whether it is new and material such that it might reasonably have changed the Commissioner's decision. *See Wilkins v. Sec., Dept. of Health and Human Servs.*, 953 F.2d 93, 95–96 (4th Cir.1991); 42 U.S.C. § 405(g).

The R&R considered the report to determine whether the new evidence would reasonably have changed the Commissioner's decision but concluded that the Commissioner "correctly calculated that the jobs" available to a hypothetical person totaled "more than 28,000." ECF No. 13 at 11 n.7. The claimant concedes that the Commissioner's calculation of 28,000 jobs was correct, so it is evident that the report would not have reasonably changed the Commissioner's decision. ECF No. 14 at 1.

### C.     Vocational Expert's Testimony

Finally, the claimant argues that even though she does not dispute the Commissioner's conclusion about the number of total jobs available in the national economy that a hypothetical person with the claimant's conditions could perform, remand is required because the VE's testimony that led to this conclusion was not reliable. ECF No. 14 at 5–7. The claimant contends that the VE's use of Standard Occupational Classification (SOC) codes was unreliable and that the VE was unable "to answer the ALJ's question as to how she narrowed the number of jobs for the

7

entire SOC group down to the jobs cited for each specific individual occupation." *Id.* at 6.

The R&R outlines in detail the standard an ALJ must use to assess a VE's testimony about the number of available jobs. *See* ECF No. 13 at 15–16. VEs "may use any reliable source of occupational information that is commonly used by vocational professionals and is relevant under [the SSA's] rules, along with their professional knowledge, training, and experience." SSR 24-3p, 89 Fed. Reg. 97158-01, 2024 WL 4988840, at *97159 (Dec. 6, 2024). The VE should provide an explanation about their general approach to estimating job numbers and if they do not, then the ALJ should clarify. *Id.*

During the administrative hearing, after the VE testified to the number of jobs available in the national economy, the ALJ asked the VE to "identify the data sources that [she] relied upon," describe her "general approach to estimating job numbers," and clarify whether there are any differences between the data sources she used and the SSA's definitions or how the job is performed as described in the DOT and SOC. ECF No. 3 at 62–64.

The VE testified, in part:

> I have to identify the closest related SOC code for the job. I then reduce the national numbers when appropriate to ensure I only give job numbers that are not for semi and skilled jobs, . . . and identify jobs and reduce numbers that meet the conditions of the mental and physical limitations of the hypothetical. In addition, I reduce the [] numbers for full-time work only, and I eliminate any part-time work. In conclusion, I cite jobs from the DOT, but I give estimates of job numbers from the OEWS in reduced numbers when

8

> answering the hypothetical, while using the assistance of the Job Browser Pro.

ECF No. 3 at 64.

The ALJ concluded that the VE's testimony was accepted "in accordance with SSR 24-3p" because she used DOT and OES publications, Job Browser Pro with SkillTRAN for job market estimations, SOC codes reduced when appropriate, "her experience, training, and observations on how jobs are performed in multiple settings[,] and her familiarity with job market estimates and standard vocational reference material." ECF No. 3 at 29–30.

The ALJ's reliance on the VE's testimony was proper because the VE explained her general approach to estimating job numbers and used generally reliable sources of occupational information, including SOC codes. *See Guiton v. Colvin*, 546 Fed. App'x 137, 142–43 (4th Cir. 2013) (unpublished) ("We hold that the job numbers the VE provided, although perhaps somewhat imprecise, were sufficiently reliable to support the ALJ's conclusion."); *Boston v. Colvin*, No. 4:14-cv-206, 2016 WL 721563, at *11 (E.D.N.C. Feb. 2, 2016) (collecting cases upholding ALJ's decision where the VE utilized reliable statistical sources along with personal experience and knowledge); *Miller v. Kijakazi*, No. 1:21-cv-97, 2022 WL 1004582, at *6–7 (M.D.N.C. Apr. 4, 2022) (holding that a VE's reliance on SOC codes was reliable).[2]

---

[2] Accordingly, the Court need not address the claimant's arguments about harm. *See* ECF No. 14 at 7.

## IV.   CONCLUSION

Based on a *de novo* review of the issues to which Claimant Tajma B. objected,

her objections (ECF No. 14) are **OVERRULED**.

The Report and Recommendation (ECF No. 13) is **ADOPTED IN PART**, as to

the finding that substantial evidence supports the ALJ's decision, but not as to the

finding that the claimant waived the right to object to the VE's testimony.

The claimant's appeal of the Commissioner's final decision and request for a

remand (ECF No. 1) is **DENIED**, and the Commissioner's final decision is

**AFFIRMED**.

The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner.

**IT IS SO ORDERED**.

_____ /s/ _____
                                   Jamar K. Walker
                                   United States District Judge


Norfolk, Virginia
August 13, 2026

10